# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

MISTY LOOMAN,                )
                                )
       Plaintiff,          )
                                )
       v.              )   No.  CIV-19-528-R
                                )
MARS, INC.,                )
                                )
       Defendant.     )

## PLAINTIFF'S COMPLAINT

Plaintiff, MISTY LOOMAN ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, MARS, INC.:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Oklahoma Consumer Protection Act, 15 OS § 751, et seq. ("OCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. §§ 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or

transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6.  Plaintiff is a natural person residing in Edmond, Oklahoma County, Oklahoma.

7.  Plaintiff is a consumer as that term is defined by the FDCPA.

8.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9.  Defendant is a debt collector as that term is defined by the FDCPA.

10. Within the past year of Plaintiff filing this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

13. Defendant is a collection agency with a principal place of business in Tulsa, Tulsa County, Oklahoma.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with Bryant Grove Apartments.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant began placing collection calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-1997, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 918-748-8444, which is one of Defendant's telephone numbers.

23. On at least one occasion since Defendant began calling Plaintiff, Plaintiff has answered Defendant's call and has spoken with one of Defendant's collectors.

24. Specifically, on or around March 22, 2019, Plaintiff spoke with one of Defendant's collectors.

25. During the conversation, Plaintiff orally disputed owing the alleged debt.

26. During the conversation, Plaintiff requested for Defendant to stop calling her.

27. Despite the foregoing, Defendant ignored Plaintiff's oral dispute and request for Defendant to stop calling and continued to attempt to collect the alleged debt.

28. Immediately thereafter, on or around March 22, 2019, Defendant placed a collection call

to Plaintiff's employer, Streamline Logistics, at 405-962-9921, in an attempt to collect the alleged debt.

29. On or around March 22, 2019, Defendant spoke with Plaintiff's supervisor, Jim Bennett, and threatened to garnish Plaintiff's wages.

30. To date, Defendant has not taken legal action against Plaintiff.

31. To date, Defendant does not have a judgment entered against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Defendant disclosed to Plaintiff's supervisor that Plaintiff allegedly owes a debt;

33. Defendant violated § 1692c(b) of the FDCPA by communicating with third parties in connection with the collection of any debt, with none of the exceptions of this subsection being applicable, when Defendant disclosed to Plaintiff's supervisor that Plaintiff allegedly owes a debt;

34. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant engaged in, at least, the following discrete violations of § 1692d;

    1) Defendant violated § 1692d(2) of the FDCPA by using language the nature consequence of which is to abuse the hearer, when Defendant threatened to garnish

Plaintiff's wages when Defendant could not legally take such action;

2) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant placed a collection call to Plaintiff's employer after Plaintiff orally disputed the alleged debt and after Plaintiff requested for Defendant to stop calling her;

35. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in, at least, the following discrete violations of § 1692e;

1) Defendant violated § 1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant contacted Plaintiff's place of employment when Defendant could not legally garnish Plaintiff's wages;

2) Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Defendant contacted Plaintiff's employer when Defendant did not have a judgment entered against Plaintiff and Defendant did not intend to take legal action against Plaintiff;

3) Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

4) Defendant violated § 1692e(10) of the FDCPA by using any false misrepresentation or deceptive means to collect any debt, when Defendant

5

threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

36. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after Plaintiff orally disputed owing the debt;

37. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after Plaintiff orally disputed owing the debt; and

38. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, MISTY LOOMAN, respectfully requests judgment be entered against Defendant, MARS, INC., for the following:

39. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

41. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE OKLAHOMA CONSUMER PROTECTION ACT

42. The conduct described above as violating the FDCPA is also a violation of the OCPA.

43. The deception practiced by Defendant as described above in threatening to take legal action when Defendant did not intend to take such action constitutes a deceptive practice under the OCPA.

44. The Defendant's actions in harassing the Plaintiff in an attempt to coerce the Plaintiff into paying the debt constitutes an "Unfair Trade Practice" as defined by the OCPA.

45. The continuing actions of the Defendant in attempting to collect a debt from the Plaintiff in a harassing and deceptive manner is "unconscionable" as defined by the OCPA, and the Defendant is therefore liable to the Plaintiff for a civil penalty in the amount of $2,000 for each violation of the OCPA.

WHEREFORE, Plaintiff, MISTY LOOMAN, respectfully requests judgment be entered against Defendant, MARS, INC., for the following:

46. Statutory damages of $6,000 ($2,000.00. for each violation of the OCPA) pursuant to the Oklahoma Consumer Protection Act, § 15-761.1(B);

47. Costs and reasonable attorneys' fees pursuant to the Oklahoma Consumer Protection Act, § 15-761.1(A); and

48. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 10, 2019                    By: /s/ Michael S. Agruss
                                    Michael S. Agruss (ILBA #6281600)
                                    Agruss Law Firm, LLC
                                    4809 N. Ravenswood Ave.
                                    Suite 419
                                    Chicago, Illinois 60640
                                    Tel: 312-224-4695
                                    Fax: 312-253-4451
                                    michael@agrusslawfirm.com

                                   -- and –

                                    Elaine M. Dowling (OBA #14,217)
                                    6801 Broadway Extension, Suite 310
                                    Oklahoma City, OK  73116
                                    Tel:  405-842-8005
                                    Fax:  405-840-6367
                                    dowlinglawoffice@aol.com